UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN R., <br><br> Plaintiff, <br><br> - against - <br><br> LUZ BLOISE, et al., <br><br> Defendants. | OPINION & ORDER <br><br> 06 Civ. 6228 (BSJ) (RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is the City of New York's application to amend its answer to enter a cross claim for indemnification against its co-defendant, St. Christopher's, Inc. For the reasons that follow, its application is **DENIED.**

## II. BACKGROUND

Infant Plaintiff, Justin R. ("Justin"), born July 10, 1995, filed this action on August 16, 2006, pursuant to 42 U.S.C. § 1983, against Defendants Luz Bloise, Angela Smith, Grace Borrero, Nicola Hammond, St. Christopher's, Inc. (together, "St. Christopher's Defendants"), Taqiyya Niang, Cassandra Greene, James Stewart, Nicholas Scoppetta, and the City of New York (together, "City Defendants"). The City of New York contracts with agencies like St. Christopher's to provide foster care services for children who have been removed from their natural parents.

According to the Complaint, on June 23, 1999, the City of New York removed Justin from his mother's custody and, in collaboration with St. Christopher's, placed him in the care of a foster parent who subjected him to repeated physical and emotional abuse. Plaintiff alleges that

Justin was deprived of food, beaten, cut, bitten, and sexually molested. Defendants removed Justin from the foster home in September 1999. Plaintiff contends that Defendants failed to supervise the foster family and failed to ensure Justin's safety in the home.

Plaintiff reached a partial settlement with St. Christopher's Defendants in November 2007, and an Order of Partial Settlement and Discontinuance was entered on February 8, 2008. On December 11, 2007, City Defendants moved to amend their answer to assert a cross-claim for indemnification against St. Christopher's Defendants. Plaintiff and St. Christopher's Defendants oppose the motion, citing prejudice and undue delay.

### III. DISCUSSION

Leave to amend an answer shall be freely given when justice so requires. FED. R. CIV. P. 15(a)(2); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). The Court has broad discretion to determine whether to grant a motion to amend, and will typically allow the amendment if the movant has demonstrated "at least colorable grounds for relief" absent a showing of "undue delay, bad faith or dilatory motive . . . , undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Kreinik v. Showbran Photo, Inc.,* No. 02 Civ. 1172 (RMB) (DF), 2003 WL 22339268, at *2 (S.D.N.Y. Oct. 14, 2003) (citations omitted); *see also Anthony v. City of N.Y.,* 339 F.3d 129, 138 n.5 (2d Cir. 2003).

City Defendants contend that St. Christopher's Defendants would not be prejudiced by its amendment because they were fully aware of their contractual obligations to the City, and that any cross-claims for contribution would be extinguished by the terms of the settlement.

Delay alone will not provide a basis to deny leave to amend; a party must also show

2

prejudice. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). However, when a party moves to amend after an inordinate delay, they must offer a satisfactory explanation for the delay, *Matima v. Celli,* 228 F.3d 68, 81 (2d Cir. 2000), and the "longer the delay, the less the non-movant must show to establish prejudice," *New York v. Niagara Mohawk Power Corp.,* 217 F.R.D. 299, 303 (N.D.N.Y. 2003) (*citing Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). The Court finds that, under these circumstances, waiting twelve months to assert a cross-claim amounts to an inordinate delay, and that City Defendants do not adequately explain why they did not assert it earlier. The Court also finds that Justin and St. Christopher's Defendants would be prejudiced by having to expend additional resources to conduct discovery. *See Block*, 988 F.2d at 350; *see also Grace v. Rosenstock,* 228 F.3d 40, 53-54 (2d Cir. 2000) (Court has discretion to deny leave to amend where the motion would introduce new issues for discovery).

      City Defendants also contend that, while they could assert a cross-claim for indemnity in a separate lawsuit, they seek to assert it here in order to conserve judicial resources.

      This Court's judicial resources would not necessarily be conserved were it to entertain the City's indemnification claim. The Court has no special insights into St. Christopher's obligations under their contract with City Defendants, which presumably arises under state law. The matter before the Court is limited to those circumstances surrounding Justin's federal tort claims. If the City's application to amend its answer were granted, this Court would have to acquaint itself with theories, facts and procedural history about which it is currently uninformed, just as a new judge would.

## IV. CONCLUSION

For the foregoing reasons, City Defendant's motion to amend its answer to assert a cross-claim against St. Christopher's Defendants is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may move for default judgment on the question of liability against Defendant Taqiyya Niang.

**SO ORDERED this 4th day of April 2008**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

4