UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JUSTIN R.,

      Plaintiff,

   v.

LUZ BLOISE, et al.,

      Defendant.
------------------------------------x

06 Cv. 6228 (BSJ)

**MEMORANDUM ORDER**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

 Before the Court are the City Defendants'[1] objections to Magistrate Judge Ronald L. Ellis's April 4, 2008 Opinion & Order (the "Order"); Plaintiff's motion for default judgment against Defendant Taqiyya Niang; and the City Defendants' cross-motion to permit the filing of an amended answer. For the reasons that follow, the Court adopts the Order and DENIES the City Defendants' objections thereto; GRANTS Plaintiff's motion for default judgment against Niang; and DENIES the City Defendants' request for leave to file an amended answer.

### RELEVANT BACKGROUND[2]

 This case involves City Defendants' alleged liability for abuses that Plaintiff suffered in 1999, as a child in foster

---

[1] The City Defendants are Taqiyya Niang, Cassandra Greene, James Stewart, Nicholas Scoppetta, and the City of New York ("City").
[2] The Court presumes familiarity with the Order, which sets forth additional background information.

1

care.[3] At that time, Niang was employed by the City as a caseworker for the Administration for Children's Services. When this suit was filed in 2006, Niang was no longer employed by the City. Nonetheless, in January 2007, the Corporation Counsel, who represented certain City Defendants, contacted Niang and obtained her agreement to authorize the acceptance of service on her behalf. On May 11, 2007, the law firm of Barry, McTiernan & Moore ("BM&M") replaced Corporation Counsel as City Defendants' counsel of record. Over the course of discovery, BM&M attempted to contact Niang at her last known phone number and address, to no avail. BM&M was never able to reach Niang to advise her of deposition notices or Magistrate Judge Ellis's orders requiring her attendance at depositions.

BM&M has learned that Niang has relocated from her last known address, and that her husband has served in the United States Air Force ("USAF"). The USAF agreed to forward BM&M's letters to the address it had on file for Niang, but it would not provide BM&M with that address. Through the USAF, BM&M has sent letters to Niang asking that she contact BM&M immediately; BM&M has not received any response. Indeed, nobody at BM&M has ever spoken to or heard from Niang.

---

[3] As discussed in the Order, Plaintiff reached a partial settlement with another group of defendants, the "St. Christopher's Defendants," in November 2007. In December 2007, City Defendants moved to amend their answer to assert a cross-claim for indemnification against St. Christopher's Defendants.

**DISCUSSION**

I. **Objections to the Opinion & Order**

City Defendants object to Magistrate Judge Ellis's (1) denial of their request to amend their answer to assert a cross-claim for indemnification against St. Christopher's Defendants; (2) order "that Plaintiff may move for default judgment on the question of liability against Defendant Taqiyya Niang." (Order at 4). The Court denies both objections and adopts the Order in full.

a. **Standard of Review**

With regard to a Magistrate Judge's decision on a non-dispositive matter, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

b. **The City Defendants' Application to Amend its Answer**

While leave to amend an answer shall be freely given when justice so requires, the Court has broad discretion to deny such leave where the motion is made after inordinate delay, without satisfactory explanation, and where the amendment would prejudice opposing parties. Fed. R. Civ. P. 15(a)(2); MacDraw Inc. v. CIT Group Equipment Financing, 157 F.3d 956, 962 (2d Cir. 1998). Magistrate Judge Ellis found, in his Order, that City Defendants' delay in waiting to assert a cross-claim was inordinate, lacked an adequate explanation, and would result in

prejudice against Plaintiff and St. Christopher's Defendants. He found, additionally and contrary to City Defendants' arguments, that this Court's entertainment of the City Defendants' indemnification claim would not conserve judicial resources. City Defendants do not dispute that they did not seek leave to amend their answer at any time prior to Plaintiff's settlement with St. Christopher's Defendants.

The Court cannot conclude that any of Magistrate Judge Ellis's findings were clearly erroneous or contrary to law; to the contrary, each of those findings was well-reasoned and finds ample support in the record. Moreover, because St. Christopher's Defendants are no longer parties to this action, City Defendants could not, at this point, assert the cross-claim for which they seek leave. See Wake v. United States, 1996 U.S. App. LEXIS 35578, at *28 (2d Cir. July 9, 1996) ("A cross-claim may be asserted only between co-parties."); Fed. R. Civ. P. 13(g). Accordingly, City Defendants' first objection to the Order is DENIED.

### c. Permission to Move for Default Judgment

Because the Court now grants Plaintiff's motion for default judgment, City Defendants' second objection is DENIED.

## II. City Defendants' Cross-Motion for Leave to Amend the City's Answer

The City Defendants request permission, by cross-motion, to amend the City's answer to reflect Niang's adoption of that answer. Plaintiff correctly notes that such permission would be futile, as the City Defendants' counsel cannot, consistent with Fed. R. Civ. P. 11, make legally-binding representations on Niang's behalf without ever having spoken to Niang. The Court agrees, and DENIES the City Defendants' cross-motion.

### III. Plaintiff's Motion for Default Judgment Against Niang

Where service has been effected and a party has failed to plead or otherwise defend an action, and where plaintiff does not seek a sum certain for damages, the Court may enter a judgment of default on motion. Fed. R. Civ. P. 55. The decision to enter such judgment lies within the Court's sound discretion. Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007).

Here, the parties do not dispute that Niang was served with the complaint and has failed to answer or otherwise appear; indeed, the Clerk of Court has issued a Clerk's Certificate of Niang's default. (See Declaration of Christopher S. Weddle, Ex. 4). City Defendants' opposition to this motion rests on an alleged agreement with Plaintiff that allowed Niang to join or adopt the City's original answer. The documentary evidence appears to belie the existence of any such agreement. (See Declaration of Christopher S. Weddle, Ex. 10). Further, the

5

City's original answer does not purport to include or speak for Niang in any way[4] - nor could it, as Niang's waiver of service was her only contact with this litigation.

In light of Niang's continued failure, in the two years since she waived service, to participate in this case, the Court finds an entry of default judgment appropriate.[5]

## CONCLUSION

For the foregoing reasons, the Court adopts the Order and DENIES the City Defendants' objections thereto; DENIES the City Defendants' request for leave to file an amended answer; and GRANTS a judgment of default against Taqiyya Niang.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         March 6, 2009

---

[4] That answer begins, "Defendants, City of New York, Cassandra Greene and James Stewart (the "Answering Defendants") . . . respectfully allege as follows." (Answer of City of New York, Cassandra Greene and James Stewart.) In view of the explicit inclusion of two individual City Defendants, the omission of Niang is telling.

[5] Plaintiff also requests an entry of default judgment against Niang pursuant to Fed. R. Civ. P. 37. The Court treats Plaintiff's requests in the alternative: its entry of default judgment against Niang, pursuant to Fed. R. Civ. P. 55, renders Plaintiff's request for the Court to do the same pursuant to Fed. R. Civ. P. 37 moot. In addition, Plaintiff appears to request, in the conclusions of his memoranda of law in support of his instant motions, that the Court strike Niang's Answer, pursuant to Fed. R. Civ. P. 37. As noted above, Niang never filed an answer in this action.